UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISMAEL  CIPRIANI, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-2882 |
| | § | |
| NOTTINGHAM VILLAGE LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is the motion to set aside default and vacate default judgment and dismiss filed by Defendant Nottingham Village. (Doc. No. 18.) After carefully reviewing the motion, the response, the reply, and the applicable law, the Court finds that the motion to set aside default and vacate default judgment should be granted, and the motion to dismiss should be denied.

## I.     BACKGROUND

The following facts are undisputed. Defendant owns and operates the Nottingham Village Apartments in Houston, Texas. (Doc. No. 18 ¶ 1.1.) Plaintiffs performed maintenance and repair work there in 2011 and 2012. (*Id.* ¶ 1.2.) On September 30, 2013, Plaintiffs filed their lawsuit against Defendant, alleging violations of the Fair Labor Standards Act. (Doc. No. 1.) Specifically, Plaintiffs say that they were not paid time-and-a-half for overtime hours. (Doc. No. 1 ¶ 20.)

Plaintiffs hired a process server to serve Defendant. (Doc. No. 20 ¶ 5.1.) Incorp was Defendant's registered agent. (Doc. No. 18, Ex. A ¶ 8.) On November 26, 2013 at 2:06 PM, the process server delivered personal service of Plaintiffs' summons and complaint to an employee

of Incorp Services, Inc. at its Austin, Texas office. (Doc. No. 20, Ex. 1 at 3.)

Defendant did not appear or answer. (Minute Entry for Jan. 30, 2014.) Therefore, Plaintiffs filed a motion for default judgment. (Doc. No. 8.) On September 16, 2014, the Court granted Plaintiffs' motion. (Doc. No. 9.) On November 18, 2014, the Court entered a final judgment in favor of Plaintiffs and against Defendant. (Doc. No. 13.) The total judgment was for more than $55,000 plus costs and post-judgment interest of .14% per annum. (*Id.*)

On August 3, 2015, a U.S. Marshall personally served three writs of execution for recovery of Plaintiffs' damages on Nottingham Village Apartments. (Doc. Nos. 15–17.) This was when Defendant first learned about Plaintiffs' lawsuit. (Doc. No. 18, Ex. A ¶ 7.) Incorp had not forwarded the summons and complaint because Defendant had a past due balance. (*Id.* ¶ 8.) Defendant was unaware of this past due balance and was unaware that Incorp was not actively serving as its registered agent. (*Id.*) Defendant never received any correspondence from Incorp about a past due balance. (*Id.*) When the U.S. Marshall served the writs of execution, Defendant was "wholly surprised." (*Id.*)

On August 26, 2015, Defendant filed its motion to set aside default and vacate default judgment and dismiss. (Doc. No. 18.) Plaintiffs have filed their response, (Doc. No. 20), and Defendant filed its reply, (Doc. No. 22). The motion is now ripe for adjudication.

## II.    LEGAL FRAMEWORK

Rule 55(c) of the Federal Rules of Civil Procedure allows the court to "set aside an entry of default for good cause." However, Rule 60(b) governs when the court "may set aside a final default judgment." Fed. R. Civ. P. 55(c). As relevant to this motion, Rule 60(b)(1) permits "the court to relieve a party or its legal representatives from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." A motion under Rule 60(b)

2

"must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). For motions made under Rule 60(b)(1), that reasonable time is "no more than a year after the entry of the judgment." *Id.*

Default judgments are generally disfavored. *In re OCA, Inc.*, 551 F.3d 359, 371 (5th Cir. 2008). A court should grant relief from a default judgment "[u]nless it appears that no injustice results from the default." *Id.* at 370. The Fifth Circuit has described the Rule 55(c)/Rule 60(b)(1) analysis as follows:

> In determining whether good cause exists to set aside a default judgment under Rule 60(b)(1) we examine the following factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. Courts may also consider whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default. The district court need not consider all of the above factors in ruling on a defendant's 60(b)(1) motion; the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause.'

*Id.* at 369 (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008)).

Regarding the prejudice factor, "mere delay does not alone constitute prejudice." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). Nor does requiring a plaintiff to prove his or her case in court. *Id.* Rather, to establish prejudice, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)).

On the meritorious defense factor, the Fifth Circuit has explained that "the underlying concern is whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA, Inc.* 551 F.3d at 373 (quoting *Jenkens*, 542 F.3d at 122).

III.   **PARTIES' ARGUMENTS**

Defendant argues that all six of the *In re OCA* factors should be weighed in its favor. Its

3

default was not willful because it was unaware of the lawsuit. (Doc. No. 18 ¶ 2.10.) Plaintiffs will suffer no prejudice because the apartment complex still has the same owner as when Plaintiffs worked there, the person who retained Plaintiffs to work for Defendant still works with the apartment complex and is available for the litigation, and only one primary person "dealt with the Plaintiffs." (*Id.*, Ex. A ¶¶ 4, 11–12.) Moreover, Defendant has a meritorious defense that Plaintiffs were independent contractors, not employees. (*Id.* ¶ 2.12.) As such, they were not entitled to overtime pay under the Fair Labor Standards Act. The public interest is on Defendant's side because Defendant never received notice of the lawsuit and default judgments are generally disfavored. (Doc. No. 22 ¶¶ 4.1–4.4.) In addition, Defendant would suffer significant financial loss of over $60,000, including post-judgment interest. (Doc. No. 18 ¶ 2.9.) Finally, Defendant took immediate action after discovering the lawsuit. (*Id.* ¶ 2.6.)

Plaintiffs dispute four of the factors: willfulness, meritorious defense, prejudice, and public interest. Plaintiffs say that Defendant's failure to defend is more than negligent because Defendant reported to the Texas Secretary of State each year from 2010 to 2015 that Incorp was its registered agent. (Doc. No. 20 ¶ 6.14.) Moreover, had Defendant taken minimal action to check in with Incorp, it would have discovered the problem and avoided the default in this case. (*Id.* ¶ 6.15.) Regarding Defendant's asserted meritorious defense, Plaintiff contends that Defendant has not provided sufficient evidence that Plaintiffs were independent contractors instead of employees. (*Id.* ¶¶ 6.4–6.5.) Defendant's argument that Plaintiffs' 1099 tax forms show that they were not employees is circular and does not prove independent contractor status. (*Id.* ¶¶ 6.8–6.9.)

Continuing with prejudice, Plaintiffs report that "someone working with or for the Defendant made contact with one of the Plaintiffs in this case." (*Id.* ¶ 6.11.) That Plaintiff's

4

family member lives in the Nottingham Village Apartments. "The person suggested that the Plaintiff should 'drop the suit' and requested he 'sign some papers.' And the person suggested that if the case continued, the Plaintiff's family member might experience problems with the landlord." (*Id.*) Plaintiff contends that this threat means that the affected Plaintiff will have to choose between pursuing his lawsuit and having his family member being evicted and may recant. Finally, on the public interest, Plaintiff cautions that vacating the default judgment will seriously undermine the system of requiring a corporation to name and maintain a registered agent. (*Id.* ¶ 6.16.)

## IV.    ANALYSIS

As a preliminary matter, the Court notes that Defendant's motion is timely. It was filed less than one year after the entry of the default judgment. *See* Fed. R. Civ. P. 60(c)(1).

Weighing all of the factors, the Court finds that Defendant's motion to set aside default and vacate default judgment should be granted. First, Defendant has shown that its failure to respond was not willful. Rather, the failure was a result of negligence in maintaining its registered agent. However, Defendant never received a notice from Incorp about a past due balance. Therefore, Defendant had no reason to believe that Incorp was not acting as its registered agent.

Second, Plaintiffs have made only a minimal showing of prejudice. Although the report about someone connected with Defendant threatening one of the Plaintiffs is troubling, Defendant disputes that this improper contact took place. (Doc. No. 22 ¶ 2.1; *Id.* Ex. A. ¶ 15.) Even if it did, it must be considered in light of other evidence weighing against prejudice, such as the ownership of Defendant remaining the same and the person who arranged for Plaintiffs to work for Defendant still being in contact with Defendant and available for this litigation.

5

Moreover, Plaintiffs' argument that the improper contact may cause one of the Plaintiffs to recant appears to be nothing more than speculation as it is not supported by any evidence.

Turning to the meritorious defense factor, Plaintiffs' response sets the bar too high. Plaintiffs rely on *Moldwood Corporation v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969), for the proposition that Defendant needs to provide a "clear and specific statement showing, not by conclusion but by definite recitation of facts" that the defense has merit. However, right before the quoted passage, the Fifth Circuit noted that it "would be quickly persuaded to give [the defendant] relief if, upon his motion to set aside the judgment, he had given the District Court even a hint of a suggestion that he had a meritorious defense in either case." *Moldwood*, 410 F.2d at 352. Because the defendant's motion "utterly failed to do" so, the Fifth Circuit affirmed the denial of the motion. *Id.* Thus, *Moldwood* itself shows that the bar for asserting a meritorious defense in the context of this motion is rather low. As *In re OCA* puts it, Defendant need only show "some possibility" of a different outcome after a trial. *In re OCA, Inc.* 551 F.3d at 373 (quoting *Jenkens*, 542 F.3d at 122).

Here, Defendant has adequately demonstrated some possibility of a meritorious defense. Defendant provided an affidavit from Cyril Chiosa, Defendant's manager, stating that Plaintiffs worked as independent contractors and did not work as hourly employees. (Doc. No. 18, Ex. A ¶ 5.) She also averred that Plaintiffs were issued 1099 tax forms for their work and attached these forms to her affidavit. (*Id.*) In Ms. Chiosa's supplemental affidavit submitted with Defendant's reply, she further averred that Plaintiffs set their own hours and days of work and were not required to work only for Defendant. (Doc. No. 22, Ex. A ¶ 12.) If Plaintiffs were independent contractors and not employees, they would not be entitled to recover under the Fair Labor Standards Act. *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 342 (5th Cir. 2008). Therefore, the

6

factor of a possibly meritorious defense weighs significantly in Defendant's favor.

As to the public interest, the Court finds that it does not favor either party. *See In re OCA, Inc.*, 551 F.3d at 374 ("The public-policy factor may cut both ways . . . .") Being able to rely on service via a registered agent is important to the functioning of the court system. However, there is a strong policy "in favor of resolving cases on their merits and against the use of default judgments." *See Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

Finally, financial loss and acting expeditiously to correct the default are undisputed. Both factors weigh in Defendant's favor. The total judgment against Defendant is for more than $55,000 plus post-judgment interest. Defendant acted promptly once it discovered the suit by filing its motion to set aside the default about three weeks after the U.S. Marshall served the writs of execution.

Most of the factors favor Defendant. Accordingly, the Court must vacate the entry of default and the default judgment against Defendant.

### V. ALTERNATIVE MOTIONS

#### A.  Insufficient Service

As an alternative to its motion to vacate under Rule 55(c)/Rule 60(b)(1), Defendant argues for vacatur or dismissal based on insufficient service. (Doc. No. 18 at 14–17.) Plaintiff responds that Defendant was properly served. (Doc. No. 20 at 8–10.)

The Court agrees with Plaintiff. Rule 4(h)(1)(B) permits service of a corporation "in a judicial district of the United States . . . by delivering a copy of the summons and of the complaint to" an "agent authorized by appointment . . . to receive service of process." It is undisputed that Defendant appointed Incorp as its registered agent in 2013. (Doc. No. 20, Ex. 2. at 3.) Moreover, it is undisputed that a private process server personally served an Incorp

7

employee with a copy of Plaintiffs' summons and complaint. (*Id.*, Ex. 1 at 3.) The process server did so at the address—815 Brazos St, Suite 500, Austin, TX 78701—listed on the form Defendant filed listing Incorp as its registered agent. (*Id.*, Ex. 2 at 3 & Ex. 1 at 3.) As a result, the service in this case was sufficient.

### B.  Attorneys' Fees

In its response, Plaintiffs alternatively move for attorneys' fees if the Court grants Defendant's motion. (Doc. No. 20 ¶ 6.20.) Specifically, Plaintiffs request that the Court order Defendant to pay reasonable attorneys' fees for litigating the default judgment, attempting to execute the judgment, and opposing Defendant's motion to vacate the default judgment.

Plaintiffs cite two cases in support of its motion for attorneys' fees. In *A.I. Credit Corp. v. Deitch*, 1992 WL 175274, at *3 (S.D.N.Y. 1992), the court awarded attorneys' fees after characterizing the defendant's excuse for default "lame" and "willful." The court ultimately granted relief even though it thought the defendant was "unworthy." *A.I. Credit Corp.*, 1992 WL 175274, at *3. Defendant had been served with process, but did not respond out of mere inconvenience: "He was served with process just after his honeymoon and on the eve of his departure for a 17–day vacation." *Id.* In *St. Claire v. Ensurelink*, 2001 WL 1568749, at *3 n.7 (N.D. Tex. 2001), the court awarded attorneys' fees after finding that the defendant failed to respond even though it was aware of the lawsuit.

The circumstances here are not similar to those of *A.I. Credit Corp.* or *St. Claire*. Unlike the defendants in those cases, Defendant was completely unaware of the lawsuit and wholly surprised when the U.S. Marshall served the writs of execution. Moreover, Defendant did not neglect to pay past due bills but instead never received notice from its registered agent that its account was past due. Given these circumstances, the Court declines to exercise its discretion

8

under Rule 60(b) to award attorneys' fees.

## VI.    CONCLUSION

For the foregoing reasons, the motion to set aside default and vacate default judgment is **GRANTED**, Defendant's alternative motion to dismiss for insufficient service is **DENIED**, and Plaintiffs' alternative motion for attorneys' fees is **DENIED**.

The default entered against Defendant is hereby **VACATED**. The final judgment entered on November 18, 2014, is **SET ASIDE AND VACATED**, and the case is hereby **REINSTATED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 2nd day of October, 2015.


_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE